UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS McCORMICK,

    Defendant.
_____/

Case No. 04-X-73701-DT

HONORABLE DENISE PAGE HOOD

**ORDER RE:   REQUEST FOR ISSUANCE OF
CONTINUING WRIT OF GARNISHMENT BY THE UNITED STATES,
REQUEST FOR HEARING/OBJECTIONS BY THOMAS MCCORMICK
TO REQUEST FOR ISSUANCE OF CONTINUING GARNISHMENT,
and MOTION FOR ENTRY OF ORDER TO PAY BY THE UNITED STATES**

**I.   Background**

On September 23, 2004, Plaintiff filed a Request for issuance of continuing writ of garnishment to the garnishee-Defendant, Merrill Lynch, Pierce, Fenner & Smith, Inc.  On October 1, 2004, garnishee-Defendant Merrill Lynch filed an Answer to the writ of garnishment and an Amended Answer on October 4, 2004.  Garnishee-Defendant Merrill Lynch's Amended Answer indicates that its business records disclosed an IRA account in Thomas McCormick's name, with a balance as of September 9, 2004 of $63,640.61.

On October 4, 2004, Mr. McCormick filed his request for hearing on the garnishment and claim for exemptions.  Mr. McCormick did not check off any reason on the Claim for Exemption pursuant to 18 U.S.C. § 3613.  The form for claiming exemption was attached to the garnishment notice sent to Mr. McCormick.  Mr. McCormick attached to his request for hearing, "Attachment A" admitting that he has not paid a fine in the amount of $40,000 pursuant to a criminal judgment against him.  Mr. McCormick also claims Plaintiff had placed a lien on a condominium property in

Naples, Florida.  A sale of the condominium was agreed to by Plaintiff under the condition that 50% of the proceeds be held in an escrow account pending resolution of the Plaintiff's criminal prosecution of Mr. McCormick.  Mr. McCormick claims that Plaintiff continues to prevent the disbursement of the escrow funds, holding the assets unlawfully.  Mr. McCormick seeks to use the amount held in escrow to pay the $40,000 fine, instead of using funds from his IRA account.

In response to Mr. McCormick's request for a garnishment hearing, the Government claims that the assets subject to an Order of Forfeiture cannot be used to pay a criminal fine and that retirement funds can be used to pay a criminal fine.  Mr. McCormick has not paid the criminal fine in the amount of $40,000.  Mr. McCormick has satisfied the restitution ordered in his criminal case through a consent judgment entered in a separate civil action, *United States of America v. Sentry X-Ray,* Case No. 98-73722.

At the scheduled hearing on this matter, issues were raised which were not addressed by either party in their papers submitted to the Court.  The Government requested additional time to file supplemental documents from the underlying criminal case file.  On November 24, 2004, the Government filed a Supplemental Brief.  The hearing was continued and held on December 1, 2004.  At the hearing, the parties agreed to continue the matter until January 5, 2005.  During the January 5, 2005 hearing, Defendant sought to file a supplemental brief.  The parties also advised the Court they were attempting to resolve the matter.  On January 12, 2005, Defendant filed a supplemental brief.  The Government has since notified the Court that the parties have not resolved the matter.

**II.     Forfeiture/Restitution/Fine**

Defendant McCormick was indicted on various counts of health care fraud.  *See, United States v. Thomas L. McCormick,* Case No. 99-80283 (E.D. Mich.).  Defendant McCormick entered

into a Rule 11 Plea Agreement with the Government pleading guilty to count 12 of the Indictment, health care fraud, in violation of 18 U.S.C. § 1347. (4/11/2000 Rule 11 Plea Agreement, Docket No. 38, Case No. 99-80283)  The Rule 11 Plea Agreement states that "in addition to imposing a *fine*," the Court shall order Defendant to pay "*restitution*" in an amount to be determined at the time of sentence.  (*Id.* at 5; ¶2.H.)  The Rule 11 Plea Agreement separately states that Defendant will "*forfeit*" in money and/or property, in the amount of $72,423.65, which is "*in addition to* the criminal *fine* and *restitution* defendant will pay."  (*Id.* at 5; ¶3)(italics added)

On September 26, 2000, the Court sentenced Defendant McCormick to a term of 15 months of imprisonment, with two years supervised release, $100 in special assessment, $40,000 fine, and $72,423.65 "*restitution*."  (9/26/2000 Judgment, pp. 2, 5; Docket No. 40, Case No. 99-80283)  The "*restitution*" was deferred pending the resolution of the civil litigation, entitled *United States of America v. Sentry X-Ray*, Case No. 98-73722.  The criminal Judgment noted that any amount of monetary payment received in the civil litigation shall offset the amount of "*restitution*" owed by Defendant McCormick even though Defendant McCormick was not a named-party in the civil case. (9/26/2000 Judgment, p. 6; Docket No. 40, Case No. 99-80283)  The parties in the civil case entered into a Consent Judgment from which the "*restitution*" in the criminal case was satisfied.  (3/30/2001 Consent Judgment, Docket No. 47, Case No. 98-73722)

In the criminal case, the Court entered a Preliminary Order of *Forfeiture* on January 17, 2002, agreed to by Defendant McCormick and the Government.  (1/17/02 Preliminary Order of Forfeiture, Docket No. 44, Case No. 99-80283)  Defendant McCormick agreed to "*forfeit*" the proceeds of the property in Naples, Florida, in the amount of $72,423.65.  (*Id.* at 2).  Upon entry of a Final Order of Forfeiture, the United States shall have clear title to the property forfeited, however,

3

no final Order of Forfeiture has been entered to date. (*Id.* at 4) The Preliminary Order of Forfeiture involved the sale of Defendant's Florida condominium property, one-half of which was subject to that order.

Defendant McCormick and the Government agreed in the Rule 11 Plea Agreement to both "*restitution*" and "*forfeiture.*" (4/11/2000 Rule 11 Plea Agreement, ¶¶ 2.H. and 3). However, the Criminal Judgment only noted "*restitution*" in the amount of $72,423.65. (9/26/2000 Judgment, p. 5) There is no mention of "*forfeiture*" in the Criminal Judgment. The Government noted this to the Court in letters dated November 16 and December 18, 2000 to which the Court, through its staff, responded after a review of the transcript, essentially indicating that the Court assessed "*restitution*" but the letter did not address the issue of "*forfeiture.*" This Court's review of the transcript of the sentencing hearing indicates that the Court indicated that Defendant "*forfeit money or property in the amount of $72,423.65.*" (Tr. at 1000) The Court also assessed "*restitution*" of $72,423.65 to be deferred and satisfied with the resolution of the civil case. (Tr. at 1001)

There is no dispute that the "*restitution*" has been paid through the civil case. The issue then is whether the Court ordered "*forfeiture*" in the criminal case, since there is no mention of the "*forfeiture*" in the Criminal Judgment. Defendant McCormick also now claims that the amount of loss to the Government from the criminal enterprise was far less than the *restitution or forfeiture* in the criminal case. He further claims that the Rule 11 Plea Agreement was given to him and his counsel on a Friday and he was required to respond by accepting or rejecting it by the following Monday. Although he was asked specifically on the record whether he had reviewed it and whether he agreed to it, and even though he had counsel with him and claims he reviewed it with counsel, he now claims he did not realize that the Plea Agreement in at least two places indicates that he

would be required to pay *restitution* plus a fine and also *forfeit* $72, 423.65.[1]

The Court finds Defendant McCormick's claim that he did not fully understand the April 11, 2000 Rule 11 Plea Agreement is without merit. Defendant McCormick agreed in the March 30, 2001 Consent Judgment in the civil case that the "*restitution*" portion of his sentence would be paid from the resolution of the civil case. The January 17, 2002 Preliminary Order of Forfeiture which expressly states that the Defendant McCormick agreed to *"forfeit"* $72,423.65 to the United States of America was not objected to by Defendant McCormick, nor did he file a Motion for Reconsideration after the entry of the Order.

Defendant McCormick also claims that the $72,423.65 from the sale of his property in Florida should be used to pay his $40,000 "*fine*" ordered by the Court, which has not been paid to date. The Government claims that the assets relating to the *"forfeiture"* are a separate amount from the *"fine"* and the *"restitution*" and cannot be used toward the payment of the *"fine."*

The Preliminary Order of Forfeiture was entered pursuant to 21 U.S.C. § 853(p). The provisions of 21 U.S.C. § 853(c) states that "[a]ll right, title, and interest in property ... vests in the United States upon the commission of the act giving rise to the forfeiture under this section." Because Defendant McCormick does not have title to the escrow proceeds, that amount cannot be used to pay the "*fine*," which is an obligation separate from the "*forfeited"* amount. It is noted that nothing in the Preliminary Order of Forfeiture states that the amount *"forfeited"* was to go toward the *"fine"* imposed in the criminal Judgment.

Based on the Rule 11 Plea Agreement, signed by Defendant McCormick, the Court finds

---

[1]The Rule 11 Plea Agreement indicated that restitution was to be determined by the Court. The restitution was determined to be $72,423.65 by the Pre Sentence Report. Neither the Defendant nor his counsel in the criminal proceeding disputed this amount at sentencing.

"*forfeiture*" and "*restitution*" are separate amounts assessed by the Court. The Rule 11 Plea Agreement, at paragraph 3, clearly states that the "*forfeited*" amount of $72,423.65, which was the proceeds from the sale of the Florida property, is an amount "in addition to the criminal *fine* and *restitution* defendant will pay." (4/11/2000 Rule 11 Plea Agreement, ¶3)(italics added)  Although the "*forfeiture*" amount was omitted from the written judgment, the Court at sentencing orally ordered Defendant to "*forfeit*" money or property in the amount of $72,423.65, in addition to the "*fine*" of $40,000.00 and "*restitution*" in the amount of $72,423.65. (Ex. C, Government's Supp. Br.)

When an oral sentence conflicts with a written sentence, the oral sentence controls. *See, United States v. Cofield,* 233 F.3d 405, 406-07 (6th Cir. 2000). A clerical mistake may be corrected by the district court at any time pursuant to Fed.R.Crim.P. 36. *United States v. Johnson,* 24 Fed.Appx. 417 (6th Cir. 2001)(unpublished); *United States v. Villano,* 816 F.2d 1448, 1451 (10th Cir. 1987). The oral ruling in this case is clear that Defendant was assessed a "*fine*" in the amount of $40,000, was ordered to pay "*restitution*" in the amount of $72,423.65 and was ordered to "*forfeit*" money or property in the amount of $72,423.65. As noted previously the "*restitution*" portion of the sentence has been resolved. The money which was subject of the Preliminary Order of Forfeiture will go towards the "*forfeiture*" portion of the sentence. Defendant must pay the "*fine*" from another asset, which is addressed below.

### III.    Retirement Accounts

Without expressly stating, Mr. McCormick appears to argue that the IRA held by garnishee-Defendant Merrill Lynch cannot be garnished in order to pay unpaid criminal fines. As noted above, Mr. McCormick did not check off any exemptions from garnishment nor did he raise any argument

based on exemption at oral argument.

Pursuant to 18 U.S.C. § 3613(a), the Government may enforce a criminal Judgment imposing a fine in accordance with the enforcement of a civil judgment and against all property or rights to property of the person fined, except for property exempt from levy for taxes. Section 3613(c) provides that a lien or a fine or an order of restitution is a lien in favor of the Untied States on all property and rights to a property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code. 18 U.S.C. § 3613(c). District courts have held that property under ERISA, even with its anti-alienation provision, is subject to garnishment to satisfy a criminal fine. *United States v. Rice,* 196 F.Supp. 1196, 1201 (N.D. Okla. 2002). District courts in this District have held that restitution and fines pursuant to a criminal judgment are to be treated as if it were a tax liability. *See, United States v. Tyson,* Case No. 02-X-73808 (E.D. Mich. 2003)(J. Duggan) and *United States v. Clark,* Case No. 02-X-74872 (E.D. Mich. 2003)(J. Edmunds). Mr. McCormick has submitted no authority to show that the Government cannot garnish his IRA account in order to pay his unpaid criminal fine. Mr. McCormick has not shown that any of the claimed exemptions apply to his IRA account with garnishee-Defendant Merrill Lynch. The IRA account will be used to pay Defendant's "*fine*" set forth in the criminal Judgment.

**IV.   Conclusion**

For the reasons set forth above,

IT IS ORDERED that Mr. McCormick's request to use the escrow funds of the forfeited property from the Florida property for his "fine" is DENIED.

IT IS FURTHER ORDERED that the Government's request for an Order to Pay directing Garnishee-Defendant Merrill Lynch to pay to the Government the funds held in Mr. McCormick's IRA account **(Docket No. 1, filed September 23, 2004 and Docket No. 7, filed October 13, 2004)** is GRANTED. Garnishee-Defendant Merrill Lynch will pay to the Government the assets in Defendant's IRA account to pay Defendant's criminal fine.

        /s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: June 22, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 22, 2006, by electronic and/or ordinary mail.

        s/William F. Lewis
Case Manager